Derbigny, J.
delivered the opinion of the court. The plaintiffs, citizens of Tennessee, claim a negro woman slave, named Polly, now in the possession of the defendant, alleging that she is part of the estate left by the late Manson Hardaway of Virginia, of whom Elizabeth Hicks, one of the plaintiffs, is the only child and heir at law—that the said slave, who had been assigned as dower to the widow of the said Hardaway, was, contrary to the provisions of the laws of Virginia, removed from that state by the said widow, who thereby forfeited her right of dower upon her—and that by reason thereof Elizabeth Hicks, as reversioner, has become the absolute owner of that property.
The answer of the defendant denies the facts alleged, and further pleads title in himself.
Several questions have been raised in this case, part of which, the view, which we have taken of the subject, precludes the necessity of examining. We will not enquire whether a state can or ought to enforce the laws of another in matters of forfeiture; nor whether, under the laws of Virginia, parol evidence of an assignment of dower on slaves can be deemed sufficient—but taking all that for granted, we will enquire whether enough has been proved *48 by the plaintiffs, to establish the forfeiture on which they rely.
By the same laws of Virginia, introduced in evidence by the consent of parties, forfeiture, in a case like this, takes place when the the widow removes the slave, without the consent of the reversioner. The removal is proved—but the want of consent is not. Now, although, it be a general rule that the negative is not to be proved, that rule does apply to a case like the present. “Where one party charges another with a culpable decision or breach of duty, the person who claims the damage, is bound to prove it, though it may involve a negative—for, it is one of the first principles of justice, not to presume that a person has acted illegally, till the contrary is proved.” Philips Evidence, chap. 7, sect. 4, and the authorities to which he refers. Here, no attempt has been made to show the culpable omission, which alone, could cause the forfeiture, and create the right, on which the petitioners claim. They have been even so cautious not to throw any light on that part of the subject, that they have given no date, nor any other clue, from which the relative situation of Elizabeth Hicks and the widow of Martin Hardaway can be ascertained. Enough, however, is found in the testimony taken in Tennessee, to inform us that the widow of M. Hardaway is no other than the plaintiff Elizabeth Hicks’s *49 own mother, who brought her to Tennessee in the year 1807, shortly after her father’s death—and to make it highly presumable that Elizabeth Hicks was then a minor, who had no consent to give or to refuse, but through her mother and guardian, the very person who had that consent to ask.
Baldwin for the plaintiff, Wilson for the defendant.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.